**XUE–YONG ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4184–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2007.

Gang Zhou, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, R.D. Evans, Jr., Eleanor Darden Thompson, Assistant United States Attorneys, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue–Yong Zhu, a native and citizen of China, seeks review of the July 25, 2005 order of the BIA affirming the May 25, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Yong Zhu,* No. A78 536 842 (B.I.A. July 25, 2005), *aff'g* No. A78 536 842 (Immig. Ct. N.Y. City May 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination was supported by "specific examples in the record of inconsistent statements . . . about matters material to [Zhu's] claim of persecution." Aside from his claim that his education was stifled by high tuition and bureaucratic impediments, Zhu's physical confrontation with family planning cadres immediately prior to his mother's sterilization was the only harm he described, and was central to his claim of persecution on account of his resistance to China's planned birth policy. Zhu's testimony that the sterilization and confrontation with the cadres took place in August 1991, contrasted with an allegedly govern-ment-issued document stating that his mother was sterilized in December 1985, was a substantial inconsistency that went to the heart of his asylum claim. *Secaida–Rosales v. INS,* 331 F.3d 297, 307–08 (2d Cir.2003). Zhu was asked to explain the discrepancy, and he merely asserted that the government document must contain a clerical error. The IJ was not required to accept this explanation. *See id.* at 80–81.

Zhu failed to establish past persecution due to his lack of credible testimony and was not entitled to a presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, because the only evidence of a threat to Zhu's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on his claim for withholding of removal. See *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Zhu's failure to raise his CAT claim before the BIA or this Court precludes our review. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).